ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| MARIARELI CINTRÓN PONTÓN<br><br>Parte Recurrida<br><br><br>V.<br><br><br><br>MICHAEL ÁNGEL PUJOLS VÁZQUEZ<br><br>Parte Recurrente | TA2025CE00255 | *CERTIORARI* procedente del Tribunal de Primera Instancia de Guayama<br>_____<br>Civil Núm.: AI2022RF00004<br><br>Sala:701<br>_____<br>SOBRE: DIVORCIO (RUPTURA IRREPARABLE) |

Panel integrado por su presidenta la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 26 de agosto de 2025.

Comparece Michael Ángel Pujols Vázquez, en adelante, el recurrente, mediante un recurso discrecional de *certiorari,* y nos solicita que revisemos una "determinación discutida en corte abierta recogida parcialmente" en la *Minuta*[1] de la vista del 27 de junio de 2025, transcrita y notificada el 7 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Guayama, en adelante TPI.

En virtud de la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *desestimamos* el recurso presentado por falta de jurisdicción, por prematuro.

-I-

La manifestación que hiciese el TPI en la Minuta recurrida consiste en que, como aún no habían referido

---

[1] En ningún lugar de dicha minuta se hace constar que la misma constituye Minuta-Resolución, ni está firmada por la magistrada del TPI.

el caso a la Examinadora de Pensiones Alimentarias para determinar la Pensión Final, pues que ese proceso tenía que hacerse, y que en la eventualidad de que el recurrente solicitara dejar sin efecto la aceptación de capacidad económica, la Examinadora debía analizar cuál sería el retroactivo a imponerse. Lo particular de esta Minuta es que la misma no manifiesta ser Minuta-Resolución, no está firmada por la Jueza que preside el asunto, y sobre el particular (aceptación de capacidad económica) no expresa una determinación concluyente.

Posterior a la notificación de dicha minuta, el recurrente presentó una moción[2] el 1 de agosto de 2025 en efecto solicitándole al TPI que se dejara sin efecto su aceptación de capacidad económica. Esta solicitud aún no ha sido resuelta por el foro inferior, ya que se le concedió un término de 20 días a la recurrida para que exprese su posición en cuanto la solicitud del Sr. Pujols Vázquez.

Así las cosas, el recurrente plantea el siguiente error al TPI en el recurso que nos ocupa:

> ERRÓ EL HONORABLE TRIBUNAL AL RECHAZAR LA SOLICITUD DEL PADRE ALIMENTANTE PARA RETIRAR SU EXPRESIÓN DE ACEPTACIÓN DE CAPACIDAD ECONÓMICA EN CUANTO AL PAGO TOTAL DE LA PENSIÓN ALIMENTARIA. LEJOS DE TRATARSE DE UN INTENTO POR EVADIR SU RESPONSABILIDAD, LA PETICIÓN REFLEJA EL DESEO GENUINO DE UN PADRE QUE, A PESAR DE ATRAVESAR MOMENTOS DIFÍCILES Y EMOCIONALMENTE CARGADOS, QUIERE CUMPLIR CON SU OBLIGACIÓN DE FORMA JUSTA. SOLO PIDE QUE LA PENSIÓN SE FIJE CONFORME A LOS RECURSOS REALES DE AMBAS PARTES. LA LEY DEL CASO EN TORNO A LA CAPACIDAD Y EL COBRO RETROACTIVO DE LA PENSION ES EL 8 DE OCTUBRE DE 2024 CUANDO LA MADRE

---

[2] Entrada 324 del Expediente Electrónico SUMAC del caso en el TPI.

ALIMENTANTE SOLICITÓ QUE EL CASO FUERA REFERIDO A LA EPA Y DEMANDÓ ALIMENTOS.

-II-

## A.  Certiorari

El auto de certiorari es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[3] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[4]

Al presentarse un recurso de *certiorari* de naturaleza Civil ante nosotros, es preciso evaluarlo a la luz de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1. Como es sabido, la Regla 52.1 de Procedimiento Civil, [supra], es la disposición reglamentaria que regula todo lo relacionado a la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia.[5] Dicha Regla limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias dictadas por los tribunales de instancia por medio del recurso discrecional de *certiorari*. Posterior a su aprobación, dicha Regla fue enmendada nuevamente por la Ley 177-2010, y dispone como sigue:

> Todo procedimiento de apelación, *certiorari*, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.

---

[3] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016).
[4] *Pueblo v. Díaz de León*, 176 DPR 913 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).
[5] *Municipio v. JRO Construction*, 201 DPR __, 2019 TSPR 10.

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[6]

Establecido lo anterior, es preciso recordar que, si bien el auto de certiorari […] es un vehículo procesal discrecional, la discreción del tribunal revisor no debe hacer abstracción del resto del derecho.[7] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[8]

La discreción judicial "no se da en un vacío ni en ausencia de unos parámetros".[9] Recordemos que, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción de manera prudente, la Regla 40 de su

---

[6] 32 LPRA Ap. V, R.52.1

[7] *Municipio v. JRO Construction*, *supra*; *IG Builders v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008); *García v. Padró*, 165 DPR 324 (2005).

[8] *Id.*; *IG Builders v. BBVAPR, supra*; *Torres Martínez v. Torres Ghigliotty*, *supra*; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

[9] *Id.*; *IG Builders v. BBVAPR, supra*, pág.338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

Reglamento, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que dicho foro debe considerar al determinar si procede o no expedir un auto de certiorari.[10] En particular, esta Regla dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[11]

El TSPR ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.[12] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia, salvo

---

[10] *Municipio v. JRO Construction, supra.*
[11] 4 LPRA Ap. XXII-B, R. 40.
[12] *Citibank, N.A. v. Cordero Badillo*, 200 DPR __ 2018 TSPR 119.

que incurra en algunas de las conductas previamente mencionadas.

**B.   Regla 32(b)(1) de las Reglas para la Administración del Tribunal de Primera Instancia**

El Tribunal Supremo de Puerto Rico ha reiterado la importancia de notificar correctamente a las partes del pleito una resolución u orden interlocutoria. *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 DPR 255, 260 (2002). Ello es de suma importancia para que se activen y comiencen a transcurrir los términos jurisdiccionales o de cumplimiento estricto, de forma tal, que los Foros apelativos puedan revisarlas. *Íd.*

Una notificación correcta debe incluir el que las órdenes o resoluciones interlocutorias se encuentren debidamente firmadas por el juez o la jueza que ha tomado la determinación, bien sea mediante resolución escrita o de una notificación de una minuta que prepara el personal de la secretaría y es avalada por la firma del juez o la jueza que la emitió verbalmente en corte abierta. *Sánchez et als. v. Hosp. Dr. Pila et als.*, supra, pág. 262; *Cárdenas Maxán v. Rodríguez*, 119 DPR 642 (1987). Sobre ese particular, la Regla 32(b)(1) de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico (1999), 4 LPRA Ap. II-B, R. 32(b)(1), dispone lo siguiente:

> La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala.
>
> La minuta original se unirá al expediente judicial. En aquellos casos consolidados, la

minuta original será unida al expediente de mayor antigüedad. Se incluirá copia de la minuta en los expedientes consolidados restantes.

[…]

**La minuta no será notificada a las partes o a sus abogados [o abogadas], salvo que incluya una resolución u orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.** (Énfasis nuestro).

[…]

De la precitada regla surge que, si se recurre de una decisión que consta en una minuta, se debe notificar adecuadamente a todas las partes para que comience a transcurrir el término para acudir ante los Foros apelativos. *Pueblo v. Rodríguez Ruiz*, 157 DPR 288 (2002). La corrección de dichas resoluciones u órdenes tienen el efecto de determinar si un Tribunal apelativo tiene jurisdicción sobre un recurso.

## C. Falta de Jurisdicción del recurso por prematuro

En reiteradas ocasiones [el Tribunal Supremo de Puerto Rico, en adelante TSPR] ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[13] Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional.[14] Esto debido a que los tribunales tienen

---

[13] *Ruiz Camilo v. Trafon Group, Inc,* 200 DPR 254, 267 (2018). Véanse, además: *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Cordero et al. v. ARPe* et al., 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda,* 184 DPR 393, 403 (2012); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

[14] *Id.*, pág.268; *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.*, supra, pág.457; *Cruz Parrilla v. Depto. Vivienda*, supra, pág.403.

la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción.[15]

Así pues, reafirma el TSPR "[…] que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse de manera preferente.[16] Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia.[17]

Por definición, un requisito jurisdiccional es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito.[18] En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortarse ni extenderse.[19] Asimismo, [el TSPR ha] expresado que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia.[20] En síntesis, no tenemos discreción para asumir jurisdicción donde no la hay.

Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave

---

[15] *Id.*; *Cordero et al. v. ARPE et al.*, supra, pág.457.

[16] *Id.*; *Mun. de San Sebastián v. QMC Telecom*, supra, pág.660; *Horizon v. Jta. Revisora, RA Holdings*, supra, pág.234; *Cordero et al. v. ARPe et al.*, supra, pág.457.

[17] *Id.*; *Shell v. Srio. Hacienda*, supra, pág. 123; *Yumac Home v. Empresas Massó*, supra, pág. 103; *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).

[18] *Id.*, pág.268.

[19] *Id.*; *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008); *Caro v. Cardona*, 158 DPR 592, 608 (2003); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

[20] Id., págs.268-269; Véase, además, *Shell v. Srio. Hacienda*, supra, pág.123.

e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[21] Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo.[22]

En lo pertinente al asunto ante nuestra consideración, el TSPR ha expresado lo siguiente:

> […] un recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta, se conoce como un "recurso prematuro". Sencillamente, el recurso se presentó en la Secretaría antes de tiempo.
>
> Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.[23]

En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Esto es, procede la inmediata desestimación del recurso apelativo según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos.[24]

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B) y (C). disponen lo siguiente:

---

[21] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).
[22] Id.
[23] *Yumac Home v. Empresas Massó, supra,* pág.107.
[24] Id.; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág.883.

(B)  Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1)  que el Tribunal de Apelaciones carece de jurisdicción;

[…]

(C)  El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

## -III-

Resulta evidente que el recurrente presentó el recurso de *certiorari* ante nuestra consideración, estando aún pendiente ante el TPI la solicitud de dejar sin efecto su aceptación de capacidad económica. De hecho, su petitorio aún no se ha perfeccionado ante el TPI, ya que la recurrida no ha presentado su posición al respecto, y el término para ésta presentar su posición aún no ha vencido.

En cuanto a la Minuta recurrida, del expediente ante nos no surge que el Tribunal la haya notificado como una resolución, ni existe firma de la juzgadora o documento alguno que acredite dicha resolución. Por lo tanto, no ha comenzado a transcurrir el término aplicable para acudir ante esta Curia.

Aplicada la normativa expuesta a los hechos procesales del caso, es forzoso concluir que el recurso aquí incoado es prematuro y, por consiguiente, carecemos de jurisdicción para atenderlo. La falta de jurisdicción no puede ser subsanada, ni el Tribunal puede asumir la jurisdicción que no ostenta. En tales situaciones sólo contamos con la facultad para declarar la ausencia de jurisdicción y no entrar en los méritos del recurso.

## -IV-

Por los fundamentos antes expuestos, se *desestima* el presente recurso por falta de jurisdicción, por prematuro.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*